**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**

| | |
|---|---|
| HIGH ENERGY OZONE LLC d/b/a FAR-UV STERILARY and S. EDWARD NEISTER,<br><br>    Plaintiff,<br><br>  v.<br><br>LARSON ELECTRONICS LLC,<br><br>    Defendant. | C.A. No. 3:21-cv-01166-M<br><br>**PATENT CASE**<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT LARSON ELECTRONICS, LLC'S ANSWER, AFFIRMATIVE**
**DEFENSES, AND COUNTERCLAIMS TO PLAINTIFFS' COMPLAINT**

Defendant Larson Electronics, LLC ("Larson Electronics") hereby files its Answer, Affirmative Defenses, and Counterclaims to Plaintiffs High Energy Ozone LLC d/b/a Far-UV Sterilray and S. Edward Neister's (collectively, "Plaintiffs'") Complaint ("Complaint"). Larson Electronics denies the allegations and characterizations in Plaintiffs' Complaint unless expressly admitted in the following paragraphs.[1]

## INTRODUCTION

1.      Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint and, on that basis, denies all such allegations.

2.      Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint and, on that basis, denies all such allegations.

---

[1] To avoid doubt, Larson Electronics denies liability for any allegations of patent infringement included or implied in the introductory paragraph or in any headings of the Complaint.

3.      Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint and, on that basis, denies all such allegations.

4.      Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 of the Complaint and, on that basis, denies all such allegations.

5.      Larson Electronics admits that purported copies of U.S. Patent Nos. 8,975,605 (the "'605 Patent") and 9,700,642 (the "'642 Patent") (collectively, the "Asserted Patents") are attached to the Complaint as Exhibits 1 and 2. Larson Electronics denies any remaining allegations in Paragraph 5 of the Complaint.

6.      Larson Electronics admits it was founded in 1973. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson denies any remaining allegations in Paragraph 6 of the Complaint.

7.      Larson Electronics admits it received a letter dated October 1, 2020, that purports to be sent on behalf of Plaintiffs, a purported copy of which is attached to the Complaint as Exhibit 3. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations in Paragraph 7 of the Complaint and Exhibit 3 attached thereto.

**NATURE OF THE ACTION**

8.      Larson Electronics admits the Complaint purports to set forth an action for patent infringement under Title 35 of the United States Code. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations in Paragraph 8 of the Complaint.

## PARTIES

9.      Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 of the Complaint and, on that basis, denies all such allegations.

10.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint and, on that basis, denies all such allegations.

11.     Larson Electronics admits it is a corporation organized and existing under the laws of the State of Texas with its principal place of business at 9419 U.S. Highway 175, Kemp, Texas 75143.

## JURISDICTION AND VENUE

12.     Larson Electronics admits this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Plaintiffs have alleged patent infringement. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations in Paragraph 12 of the Complaint.

13.     Larson Electronics does not contest whether this District has personal jurisdiction over it in this case, but Larson Electronics denies it has committed or is committing acts of infringement in this District or anywhere else and denies Plaintiffs are entitled to any relief. Larson Electronics admits that it is incorporated in the State of Texas and that it maintains its principal place of business in this District. Larson Electronics denies any remaining allegations in Paragraph 13 of the Complaint.

14.     Larson Electronics does not contest that venue may be proper in this District in this case, but Larson Electronics denies that it has committed or is committing acts of infringement in

this District or anywhere else and denies that Plaintiffs are entitled to any relief. Larson Electronics admits that it maintains its principal place of business in this District. Larson Electronics denies any remaining allegations in Paragraph 14 of the Complaint.

## FACTUAL BACKGROUND
### HEO3's [ALLEGED] 222 nm UV Technology

15.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and, on that basis, denies all such allegations.

16.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint and, on that basis, denies all such allegations.

17.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint and, on that basis, denies all such allegations.

18.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint and, on that basis, denies all such allegations.

19.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and, on that basis, denies all such allegations.

20.     Larson Electronics admits the Asserted Patents speak for themselves, but denies any characterizations inconsistent therewith. Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 20 of the Complaint and, on that basis, denies all such allegations.

21.     Larson Electronics admits the '605 Patent speaks for itself, but denies any characterizations inconsistent therewith. Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of any remaining allegations in Paragraph 21 of the Complaint and, on that basis, denies all such allegations.

22.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 22 of the Complaint and, on that basis, denies all such allegations.

23.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 23 of the Complaint and, on that basis, denies all such allegations.

**Larson's Far-UV Sanitation Lighting Products**

24.     Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 24 of the Complaint, including "the lighting business" and "lighting products containing Far-UV wavelengths including 222 nm," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 24.

25.     Larson Electronics admits that a purported copy of certain Larson Electronics literature titled "Far UV Catalog 2020" ("Catalog") is attached to the Complaint as Exhibit 4, and that certain Larson Electronics Catalog refers to Larson Electronics as a "one-stop shop for all of your UV sanitation needs," and that certain Larson Electronics Catalog has stated that Larson Electronics "caters to custom fabrication and rapid engineering for far-UV products," and that certain Larson Electronics Catalog has stated "[t]hese cleaning devices are equipped with ozone-

free excimer lamps or compact microplasma boards that generate far-UV 222 nm bands." Larson admits that it features many lighting products on its website, www.larsonelectronics.com. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 25 of the Complaint, including "lighting products for sanitation," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 25.

26.     Larson Electronics admits that certain Larson Electronics Catalog has stated the language identified in Paragraph 26 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 26 of the Complaint.

27.     Larson Electronics admits that certain Larson Electronics Catalog has stated "[a]ll products in this catalog are equipped with far-UV 222 nm lamps, which can inactivate 99% viruses, bacteria, mold and spores," and that certain Larson Electronics Catalog has stated "[w]hat types of far-UV 222 nm lights are used in these products?", and that certain Larson Electronics Catalog has stated "[a]rtificial light sources that generate far-UV 222 nm light and are found in the sanitation products in this catalog include excimer lamps and microplasma boards," and that certain Larson Electronics Catalog has stated that "[t]he compound consists of one atom of krypton (Kr) and one atom of chlorine (Cl)." Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 27 of the Complaint, including "specialty excimer lamps," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 27.

28.     Larson Electronics admits that it has marketed and offered for sale a certain product associated with part number FRL-EMP-FUVC-MP-10-2X2-KT-120V referred to in certain Larson Electronics literature as "Microplasma Board." Larson Electronics admits that a purported Microplasma Board Spec Sheet is attached to the Complaint as Exhibit 5, and that certain Spec Sheet contained an image of the Microplasma Board found in Paragraph 28 of the Complaint, and that certain Spec Sheet stated that "[t]his unit is Made in USA—Manufactured in Texas," and that certain Spec Sheet stated that the Microplasma Board "features a 2" x 2" glass chip and disinfects 99% of viruses, bacteria, mold and spores from ceilings in occupied areas. This eye and skin safe disinfection unit uses one 10-watt microplasma board that emits far-UV 222 nm germicidal light." Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 28 of the Complaint, including "reflects at least three categories of 222 nm light sources," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 28.

29.     Larson Electronics admits that certain Microplasma Board Spec Sheet has stated the "Ratings" and "Suggested Applications" identified in Paragraph 29 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 29 of the Complaint.

30.     Larson Electronics admits that it has made and offered for sale products incorporating the Microplasma Boards. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 30 of the Complaint, including which part numbers constitute "representative products," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 30 of the Complaint.

31.     Larson Electronics admits that it marketed a certain product associated with part number ND-CDL-RD-12-FUVC-MP-1L-V1. Larson Electronics admits that a purported Can Light Spec Sheet is attached to the Complaint as Exhibit 6, and that certain Spec Sheet contained the image identified in Paragraph 31 of the Complaint, and that certain Spec Sheet stated that "[t]his eye and skin safe disinfection unit uses one 10-watt microplasma board that emits far-UV 222 nm germicidal light," and that certain Spec Sheet stated that "[t]his far-UV unit is capable of achieving up to 3 log (99.9%) cumulative disinfection per day." Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 31 of the Complaint, including "Representative Microplasma Board Products," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 31.

32.     Larson Electronics admits that certain Can Light Spec Sheet included the table identified in Paragraph 32 of the Complaint, and that certain Spec Sheet stated that "[w]hen mounted at 8ft or below, this fixture effectively deactivates organisms twice in one hour, and is actively weakening organisms in the air and on surfaces. Airborne organisms will have a higher exposure rate while traveling through the air and closer to the fixture," and that certain Spec Sheet stated the "Applications" identified in Paragraph 32 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 32 of the Complaint.

33.     Larson Electronics admits that it has marketed a certain product associated with part number FRL-EMX-6-40WFUVC referred to in certain Larson Electronics literature as "Excimer Lamp." Larson Electronics admits that a purported Excimer Lamp Spec Sheet is attached to the Complaint as Exhibit 7, and that certain Spec Sheet contained the image identified in Paragraph 33 of the Complaint, and that certain Spec Sheet stated that "[t]his unit is Made in USA

– Manufactured in Texas," and that certain Spec Sheet stated that "offers 40 uW/cm2 UV intensity at 222nm UV wavelength," and "can disinfect 99% of viruses, bacteria, mold and spores in facilities and on surfaces," and that certain Spec Sheet stated that "[c]onsidered to be eye and skin safe, the far-UV lamp offers instant start and cool operation." Larson Electronics denies any remaining allegations in Paragraph 33 of the Complaint.

34.     Larson Electronics admits that certain Excimer Lamp Spec Sheet included the "Ratings/Features" and "Suggested Applications" identified in Paragraph 34 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 34 of the Complaint.

35.     Larson Electronics admits that it has made and offered for sale products incorporating the Excimer Lamp. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 35 of the Complaint, including which part numbers constitute "representative products," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 35 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 35 of the Complaint.

36.     Larson Electronics admits that it has marketed a certain product associated with part number IND-DHA-FUVC-EX-36-3L-V1. Larson Electronics admits that a purported Bracket Lamp Spec Sheet is attached to the Complaint as Exhibit 8, and that certain Spec Sheet contained the image identified in Paragraph 36 of the Complaint, and that certain Spec Sheet stated that "sanitation fixture is a powerful and sleek lighting solution for restaurants, businesses, busy locations and occupied areas," and that certain Spec Sheet stated that "[g]ermicidal excimer lamps emit far-UV 222 nm light that is generated by specific excimer molecules," and that certain Spec Sheet stated the "Applications" identified in Paragraph 36 of the Complaint. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 36 of the

Complaint, including "Representative Excimer Lamp Product," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 36 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 36.

37.     Larson Electronics admits that it has made and offered for sale a certain product associated with part number IND-HL-HDBFUVC-EX-1L-120V-15C. Larson Electronics admits that a purported Handheld Lamp Spec Sheet is attached to the Complaint as Exhibit 9, and that certain Spec Sheet contained the image identified in Paragraph 37 of the Complaint, and that certain Spec Sheet stated that "[h]andheld Surface Sanitizer which can disinfect 99% of viruses, bacteria, mold and spores on surfaces, work stations, tables and desks, as well as devices, machines and personal equipment. This unit offers far-UV 222nm output and comes equipped with a 40-watt excimer lamp," and that certain Spec Sheet stated the "Suggested Applications" identified in Paragraph 37 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 37 of the Complaint.

38.     Larson Electronics admits that it has marketed a certain product associated with part number FRL-EMX-18-90W-FUVC referred to in certain Larson Electronics literature as "Excimer Bulb." Larson Electronics admits that a purported Excimer Bulb Spec Sheet is attached to the Complaint as Exhibit 10, and that certain Spec Sheet contained the image identified in Paragraph 38 of the Complaint, and that certain Spec Sheet stated that "[t]his unit is Made in USA - Manufactured in Texas," and that certain Spec Sheet stated that it "offers 80 uW/cm2 UV intensity at 222nm UV wavelength," and that certain Spec Sheet stated that it "can disinfect 99% of viruses, bacteria, mold and spores in facilities and on surfaces," and that certain Spec Sheet

stated that "[c]onsidered to be eye and skin safe, the far-UV lamp offers instant start and cool operation." Larson Electronics denies any remaining allegations in Paragraph 38 of the Complaint.

39.     Larson Electronics admits that certain Excimer Bulb Spec Sheet included the "Ratings/Features" identified in Paragraph 39 of the Complaint, and that certain Spec Sheet stated that it is "compatible with 120V AC and 240V AC, 60 Hz and is equipped with flying leads to allow operators to complete wiring connections," and that certain Spec Sheet stated that it "can be mounted using customer provided clamps or holders," and that certain Spec Sheet stated the "Suggested Applications" identified in Paragraph 39 of the Complaint. Larson Electronics denies any remaining allegations in Paragraph 39 of the Complaint.

40.     Larson Electronics admits that it has made and offered for sale products incorporating the Excimer Bulb. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 40 of the Complaint, including which part numbers constitute "representative products," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 40 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 40 of the Complaint.

41.     Larson Electronics admits that it has marketed a certain product associated with part number ND-DWG-FUVC-5X-R1-120V-25C referred to in certain Larson Electronics literature as "Sanitation Portal." Larson Electronics admits that a purported Sanitation Portal Spec Sheet is attached to the Complaint as Exhibit 11, and that certain Spec Sheet contained the image identified in Paragraph 41 of the Complaint, and that certain Spec Sheet stated that "[t]his sanitation portal consists of five, 40-watt excimer lamps. Each light offers 40 uW/cm2 UV intensity at 222nm UV wavelength," and that certain Spec Sheet stated that the "Sanitation Portal can disinfect 99% of viruses, bacteria, mold and spores at entry/exit points and high traffic areas,"

and that certain Spec Sheet stated that it is "designed for standalone applications" and "can be deployed at entry/exit points of buildings, transit or high traffic areas and busy locations requiring sanitation," and that certain Spec Sheet stated the "Suggested Applications" identified in Paragraph 41 of the Complaint. Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 41 of the Complaint, including "Representative Excimer Bulb Product," Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 41 of the Complaint and, on that basis, denies all remaining allegations in Paragraph 41 of the Complaint.

42.     Larson Electronics admits that certain Larson Electronics literature stated that language identified in Paragraph 42 of the Complaint, but denies any characterizations inconsistent therewith. Larson Electronics denies all remaining allegations in Paragraph 42.

43.     Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 43 of the Complaint, Larson Electronics denies the allegations of Paragraph 43 of the Complaint.

44.     Because it is unclear and vague as to the definition that Plaintiffs apply to certain terms in Paragraph 44 of the Complaint, Larson Electronics denies the allegations of Paragraph 44 of the Complaint.

45.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and, on that basis, denies all such allegations.

46.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 of the Complaint and, on that basis, denies all such allegations.

### **Larson's [Alleged] Willful Infringement**

47.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 of the Complaint and, on that basis, denies all such allegations.

48.     Larson Electronics admits it received a letter dated October 1, 2020, that purports to be sent on behalf of Plaintiffs, a purported copy of which is attached to the Complaint as Exhibit 3. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations or characterizations in Paragraph 48 of the Complaint and Exhibit 3 attached thereto.

49.     Larson Electronics admits its counsel sent a certain responsive letter on October 20, 2020, but denies any characterizations inconsistent therewith. Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies all remaining allegations or characterizations in Paragraph 49 of the Complaint.

50.     Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies all remaining allegations or characterizations in Paragraph 50 of the Complaint.

51.     Larson Electronics maintains that it has not committed and is not committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies all remaining allegations or characterizations in Paragraph 51 of the Complaint.

52.     Larson Electronics denies that it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies all remaining allegations or characterizations in Paragraph 52 of the Complaint.

53.     Larson Electronics maintains that the Asserted Patents are invalid under 35 U.S.C. § 101 and denies all remaining allegations or characterizations in Paragraph 53 of the Complaint.

54.     Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies all remaining allegations or characterizations in Paragraph 54 of the Complaint.

## COUNT 1
### ([Alleged] Infringement of U.S. Patent No. 8,975,605)

55.     Larson Electronics incorporates by reference Paragraphs 1–54 above.

56.     Larson Electronics admits that a purported copy of the '605 Patent is attached to the Complaint as Exhibit 1, and that the face of the '605 Patent indicates that it is titled "Method and Apparatus for Producing a High Level of Disinfection in Air and Surfaces," and that the face of the '605 Patent indicates that it issued on March 10, 2015. Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 56 of the Complaint and, on that basis, denies all such allegations.

57.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 57 of the Complaint and, on that basis, denies all such allegations.

58.     Larson Electronics admits that it received that letter in October 2020, a purported copy of which is attached to the Complaint as Exhibit 3, but denies that certain letter constituted "notice." Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations in Paragraph 58 of the Complaint.

59.     Larson Electronics denies the allegations in Paragraph 59 of the Complaint.

60.     Larson Electronics admits the '605 Patent speaks for itself, but denies any characterizations inconsistent therewith. Larson Electronics denies any remaining allegations in Paragraph 60 of the Complaint.

61.     Larson Electronics denies the allegations and characterizations in Paragraph 61 of the Complaint.

62.     Larson Electronics denies the allegations and characterizations in Paragraph 62 of the Complaint.

63.     Larson Electronics denies the allegations and characterizations in Paragraph 63 of the Complaint.

64.     Larson Electronics denies the allegations and characterizations in Paragraph 64 of the Complaint.

65.     Larson Electronics denies the allegations and characterizations in Paragraph 65 of the Complaint.

66.     Larson Electronics denies the allegations and characterizations in Paragraph 66 of the Complaint.

67.     Larson Electronics denies the allegations and characterizations in Paragraph 67 of the Complaint.

68.     Larson Electronics denies the allegations and characterizations in Paragraph 68 of the Complaint.

69.     Larson Electronics denies the allegations and characterizations in Paragraph 69 of the Complaint.

70.     Larson Electronics denies the allegations in Paragraph 70 of the Complaint.

71.     Larson Electronics denies the allegations and characterizations in Paragraph 71 of the Complaint.

72.     Larson Electronics denies the allegations and characterizations in Paragraph 72 of the Complaint.

73.     Larson Electronics denies the allegations in Paragraph 73 of the Complaint.

74.     Larson Electronics denies the allegations in Paragraph 74 of the Complaint.

75.     Larson Electronics denies the allegations in Paragraph 75 of the Complaint.

76.     Larson Electronics denies the allegations in Paragraph 76 of the Complaint.

77.     Larson Electronics denies the allegations in Paragraph 77 of the Complaint.

## COUNT II
### (Infringement of U.S. Patent No. 9,700,642)

78.     Larson Electronics incorporates by reference Paragraphs 1–77 above.

79.     Larson Electronics admits that a purported copy of the '642 Patent is attached to the Complaint as Exhibit 2, and that the face of the '642 Patent indicates that it is titled "Method and Apparatus for Sterilizing and Disinfecting Air and Surfaces and Protecting a Zone from External Microbial Contamination," and that the face of the '642 Patent indicates that it issued on July 11, 2017. Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 79 of the Complaint and, on that basis, denies all such allegations.

80.     Larson Electronics is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint and, on that basis, denies all such allegations.

81.     Larson Electronics admits it received that certain letter in October 2020, a purported copy of which is attached to the Complaint as Exhibit 3, but denies that certain letter constituted

"notice." Larson Electronics denies it has committed or is committing acts of infringement and denies Plaintiffs are entitled to any relief. Larson Electronics denies any remaining allegations in Paragraph 81 of the Complaint.

82.     Larson Electronics denies the allegations in Paragraph 82 of the Complaint.

83.     Larson Electronics admits the '642 Patent speaks for itself, but denies any characterizations inconsistent therewith. Larson Electronics denies any remaining allegations in Paragraph 83 of the Complaint.

84.     Larson Electronics denies the allegations and characterizations in Paragraph 84 of the Complaint.

85.     Larson Electronics denies the allegations and characterizations in Paragraph 85 of the Complaint.

86.     Larson Electronics denies the allegations and characterizations in Paragraph 86 of the Complaint.

87.     Larson Electronics denies the allegations and characterizations in Paragraph 87 of the Complaint.

88.     Larson Electronics denies the allegations and characterizations in Paragraph 88 of the Complaint.

89.     Larson Electronics denies the allegations and characterizations in Paragraph 89 of the Complaint.

90.     Larson Electronics denies the allegations and characterizations in Paragraph 90 of the Complaint.

91.     Larson Electronics denies the allegations and characterizations in Paragraph 91 of the Complaint.

92.     Larson Electronics denies the allegations and characterizations in Paragraph 92 of the Complaint.

93.     Larson Electronics denies the allegations in Paragraph 93 of the Complaint.

94.     Larson Electronics denies the allegations and characterizations in Paragraph 94 of the Complaint.

95.     Larson Electronics denies the allegations and characterizations in Paragraph 95 of the Complaint.

96.     Larson Electronics denies the allegations in Paragraph 96 of the Complaint.

97.     Larson Electronics denies the allegations in Paragraph 97 of the Complaint.

98.     Larson Electronics denies the allegations in Paragraph 98 of the Complaint.

99.     Larson Electronics denies the allegations in Paragraph 99 of the Complaint.

100.    Larson Electronics denies the allegations in Paragraph 100 of the Complaint.

## PRAYER FOR RELIEF

To the extent that a response is required to Plaintiffs' prayer for relief, Larson Electronics denies that Plaintiffs are entitled to any judgment against Larson Electronics and/or an order granting relief in any of the forms requested in parts A–E.

## JURY DEMAND

Larson Electronics is not required to respond to Plaintiffs' demand for a jury trial.

## AFFIRMATIVE DEFENSES

Larson Electronics' Affirmative Defenses are listed below. Larson Electronics reserves the right to amend its answer to add additional Affirmative Defenses consistent with the facts discovered in this case.

### I.   FIRST AFFIRMATIVE DEFENSE

Larson Electronics has not infringed and does not infringe, either directly or indirectly, under any theory of infringement, any valid, enforceable claim of U.S. Patent Nos. 8,975,605 (the "'605 Patent") or 9,700,642 (the "'642 Patent") (collectively, the "Asserted Patents").

### II.   SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the Asserted Patents is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### III.   THIRD AFFIRMATIVE DEFENSE

Larson Electronics reserves the right to add an additional defense of inequitable conduct if and when such information is discovered.

### IV.   FOURTH AFFIRMATIVE DEFENSE

The Asserted Patents are unenforceable due to patent misuse by Plaintiffs, who improperly sought to extend the scope of the Asserted Patents' claims and/or who asserted the Asserted Patents in bad faith, knowing it to be invalid and/or unenforceable.

### V.   FIFTH AFFIRMATIVE DEFENSE

To the extent that Plaintiffs, any predecessors in interest, or any licensees to the Asserted Patents failed to properly mark any of their relevant products or materials as required by 35 U.S.C. § 287, or otherwise give proper notice that Larson Electronics' actions allegedly infringe the Asserted Patents, Larson Electronics is not liable to Plaintiffs for the acts alleged to have been

performed before Larson Electronics received actual notice that it was allegedly infringing the Asserted Patents.

## VI.   SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' attempted enforcement of the Asserted Patents against Larson Electronics is barred by one or more of the equitable doctrines of estoppel, acquiescence, waiver, and unclean hands.

## VII.   SEVENTH AFFIRMATIVE DEFENSE

The claims of the Asserted Patents are not entitled to a scope sufficient to encompass any system employed or process practiced by Larson Electronics.

## VIII.   EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted because, among other things, Plaintiffs have not stated a plausible allegation that Larson Electronics infringes, either directly or indirectly, under any theory of infringement, any valid and enforceable claim of the Asserted Patents.

## IX.   NINTH AFFIRMATIVE DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted because the Asserted Patents do not claim patent-eligible subject matter under 35 U.S.C. § 101.

## X.   TENTH AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering their reasonable attorneys' fees, costs, and/or increased damages under 35 U.S.C. §§ 284 or 285.

## XI.   ELEVENTH AFFIRMATIVE DEFENSE

Should Larson Electronics be found to infringe any valid, enforceable claim of the Asserted Patents, such infringement was not willful.

## XII.   TWELFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief as they have, at a minimum, no irreparable injury and an adequate remedy at law for the alleged infringement.

## XIII.   THIRTEENTH AFFIRMATIVE DEFENSE

By reason of amendments and/or statements made in and to the United States Patent and Trademark Office during the prosecution of the applications that issued as the Asserted Patents, Plaintiffs are estopped from construing the claims of the Asserted Patents in such a way as may cover the Accused Products.

## LARSON ELECTRONICS' COUNTERCLAIMS

For its counterclaims against Counterclaim Defendants High Energy Ozone LLC d/b/a Far-UV Sterilray ("HEO3") and S. Edward Neister (collectively, "Counterclaim Defendants"), Counterclaim Plaintiff Larson Electronics, Inc. ("Larson Electronics") alleges as follows:

## PARTIES

1.     Larson Electronics is a corporation organized and existing under the laws of the State of Texas with its place of business at 9419 U.S. Highway 175, Kemp, TX 75143.

2.     Upon information and belief based solely upon Paragraph 9 of the Complaint as pled by Counterclaim Defendants, Counterclaim Defendant HEO3 a company organized and existing under the laws of the State of New Hampshire with its principal place of business at 30 Centre Road, Suite 6, Somersworth, NH 03878.

3.     Upon information and belief based solely upon Paragraph 10 of the Complaint as pled by Counterclaim Defendants, Counterclaim Defendant S. Edward Neister resides and works in the state of New Hampshire, and is the founder of HEO3 and its Chief Technology Officer.

## JURISDICTION AND VENUE

4.     Larson Electronics incorporates by reference Paragraphs 1–3 above.

5.     These counterclaims arise under the patent laws of the United States, Title 35 of the United States Code. The jurisdiction of this Court is proper under at least 35 U.S.C. § 271 *et seq.*, and 28 U.S.C. §§ 1331, 1338, 1367, and 2201–02.

6.     Based solely on Counterclaim Defendants' filing of this action, Counterclaim Defendants have consented to the personal jurisdiction of this Court.

7.     Based solely on Counterclaim Defendants' filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391 and 1400.

**COUNT I: DECLARATION REGARDING**
**NON-INFRINGEMENT OF THE ASSERTED PATENTS**
**(Against All Counterclaim Defendants)**

8.      Larson Electronics incorporates by reference Paragraphs 1–7 above.

9.      Based on Counterclaim Defendants' filing of this action and at least Larson Electronics' First Affirmative Defense, an actual controversy has arisen and now exists between the parties as to whether Larson Electronics infringes U.S. Patent Nos. 8,975,605 (the "'605 Patent") or 9,700,642 (the "'642 Patent) (collectively, the "Asserted Patents").

10.     Larson Electronics does not infringe at least Claim 1 of the '605 Patent because, *inter alia*, the "Accused Products" do not perform the steps of: (1) "generating photons of at least two single line wavelengths from a non-coherent light source selected from the group consisting of at least two wavelengths being of 222 nm, 254 nm, and 282 nm;" (2) "directing the photons to a substance to be disinfected, whereby the photons destroy or deactivate the DNA organic bonds and proteins of microorganisms;" or (3) "exposing the surface to be disinfected to the generated photons of at least two wavelengths, wherein the exposing achieves a ninety percent kill of microorganisms in a time period of less than one second."

11.     Larson Electronics does not infringe at least Claim 1 of the '642 Patent because, *inter alia*, the "Accused Products" do not perform the steps of: (1) "generating photons of at least one wavelength corresponding to a peak absorption wavelength of DNA or RNA, the at least one wavelength being at least one of 222 nm and 282 nm;" (2) "directing the photons to the substance or surface to be disinfected, whereby the photons are selected to destroy a plurality of chemical bonds within the DNA or RNA of the microorganisms;" or (3) "wherein the substance or surface to be disinfected is human or animal skin."

12.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Larson Electronics requests a declaration by the Court that Larson Electronics has not infringed and does

not infringe, either directly or indirectly, under any theory of infringement, any claim of the Asserted Patents.

### COUNT II: DECLARATION REGARDING INVALIDITY OF THE ASSERTED PATENTS
#### (Against All Counterclaim Defendants)

13.     Larson Electronics incorporates by reference Paragraphs 1–12 above.

14.     Based on the filing of this action and at least Larson Electronics' Second Affirmative Defense, an actual controversy has arisen and now exists between the parties as to the validity of the claims of the Asserted Patents.

15.     The claims of the Asserted Patents are anticipated and/or rendered obvious by, *inter alia*, U.S. Patent Nos. 6,9690,201; 7,381,976; 7,918,229; VON SONNTAG, *Disinfection by free radicals and UV-radiation*, WATER SUPPLY 4 (1986); and/or GATES, F. L., *A Study of the bactericidal action of ultra violet light*, J. GEN. PHYSIOLOGY 14 (1930).

16.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Larson Electronics requests a declaration by the Court that the claims of the Asserted Patents are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, and 112, and the rules, regulations, and laws pertaining thereto.

### PRAYER FOR RELIEF

WHEREFORE, Larson Electronics asks this Court to enter judgment in Larson Electronics' favor and against Counterclaim Defendants by granting the following relief:

a)     a declaration that Larson Electronics does not infringe any valid claim of the '605 Patent that may be enforceable;

b)     a declaration that Larson Electronics does not infringe any valid claim of the '642 Patent that may be enforceable;

24

c)   a declaration that the '605 Patent is invalid;

d)   a declaration that the '642 Patent is invalid;

e)   a declaration that Counterclaim Defendants take nothing by its Complaint;

f)   judgment against Counterclaim Defendants and in favor of Larson Electronics;

g)   dismissal of the Complaint with prejudice;

h)   a finding that this case is an exceptional case under 35 U.S.C. § 285 and an award to Larson Electronics of its costs and attorneys' fees incurred in this action; and

i)   further relief as the Court may deem just and proper.

### **JURY DEMAND**

Larson Electronics hereby demands trial by jury on all issues.

Dated: August 24, 2021                    FISH & RICHARDSON P.C.


By: */s/ David B. Conrad*
David B. Conrad
conrad@fr.com
Texas Bar No. 24049042
Lance E. Wyatt
wyatt@fr.com
Texas Bar No. 24093397
Collin J. Marshall
cmarshall@fr.com
Texas Bar No. 24109509

1717 Main Street, Suite 5000
Dallas, TX 75201
(214) 747-5070 (Telephone)
(214) 747-2091 (Facsimile)

**ATTORNEYS FOR DEFENDANT
LARSON ELECTRONICS, LLC**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on August 24, 2021, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.


*/s/ David B. Conrad*

David B. Conrad